Allen Osborne v. Commissioner. Allen Osborne and Marie Osborne v. Commissioner.
Osborne v. Commissioner
Docket Nos. 54985, 54986.
United States Tax Court
T.C. Memo 1956-92; 1956 Tax Ct. Memo LEXIS 204; 15 T.C.M. (CCH) 483; T.C.M. (RIA) 56092; April 18, 1956
*204 Respondent affirmed for failure of proof of error. Allen Osborne, 270 South Wilson, Bartow, Fla., pro se. L. C. Smith, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined deficiencies in income tax and additions to the tax as follows: Negligence
Section 294(d)
Year
Deficiency
Penalty
Penalty
Allen Osborne
1948
$402.00
$20.10
$64.32
Allen Osborne
1949
463.00
23.15
74.08
Allen Osborne and
Marie Osborne
1950
309.00
15.45
49.44
Allen Osborne and
Marie Osborne
1951
319.30
15.97
[Findings of Fact] Part of the facts were stipulated substantially as follows: Allen Osborne and Marie Osborne were husband and wife during all of the taxable years. They formerly lived in Ironton, Ohio, and now reside in Bartow, Florida. Allen Osborne filed separate individual Federal income tax returns for the taxable years 1948 and 1949 with the then collector of internal revenue for the district of Ohio. Petitioners filed joint Federal income tax returns for the years 1950 and 1951. The C. Deffner Brokerage Company and the George M. Barrow-Allen Osborne combinations *205 were businesses in which the petitioner, Allen Osborne, was a member during the years 1948 to 1950, inclusive. Said businesses were engaged in the operation of race-horse handbooks in and around Ironton, Ohio, during the years 1948 to 1950, inclusive. C. Deffner Brokerage Company filed no returns for the years 1948, 1950 and 1951. The following is a schedule of expenditures by the petitioners, Allen and Marie Osborne, for the years ended December 31, 1948 to 1951, inclusive: Expenditures
1948
1949
1950
1951
1. Paid to Christy Deffner
$ 700.00
$1,300.00 *
2. Cash difference on automobile trade-ins
920.00
$1,569.25
3. Personal and living expenses
2,600.00 *
3,000.00 *
$3,000.00 *
3,000.00 *
4. United States Series E Bonds pur-
chased
150.00
The following is a schedule of increases in net worth and assets of the petitioners, Allen and Marie Osborne, including increases in bank accounts and cash on hand for the years ended December 31, 1948 to 1951, inclusive: Assets
1948
1949
1950
1951
1. Increase in cash on hand
$666.00 *
$666.00 *
$667.00 *
2. Increase (decrease) in checking account, Citizens
National Bank, Ironton, Ohio
$129.81
(106.27)
179.06
522.78
3. Increase (decrease) in savings account #9810
in Citizens National Bank, Ironton, Ohio
(248.19)
(241.40)
4. Increase in savings account in Liberty Federal
Savings and Loan Association, Ironton, Ohio
195.90
106.31
109.52
357.25
*206 On July 9, 1952, $2,000.00 in cash was among other items in the petitioners' safe deposit box in the First National Bank, Ironton, Ohio. The petitioners have two daughters, Patricia Ann Osborne and Erma Kathryn McCollister, who is married to Joseph Randall McCollister. The petitioners contest only the starred items, i.e., the amount of living expenses and the increases in net worth. Supplementing the above stipulated facts, petitioners both testified, thereby developing that during all of the taxable years, Allen was engaged in keeping a race-horse handbook as a "bookie". During part of the time involved, petitioners lived with their son-in-law in Ironton, Ohio, paying no rent. Petitioners owned the furniture. They contributed part of the cost of groceries, bought or made their own clothing and purchased shoes for themselves, including their daughter. At all times, petitioner owned an automobile. In 1948, he traded a 1947 Oldsmobile for a 1948 model, paying a difference of $920. In 1951, the 1948 car was traded on a 1951 model, petitioner paying a difference of $1,569.25. They made several trips to Columbus, Ohio. They made *207 gifts to friends at each Christmas season. They paid medical and dental bills and paid for dancing lessons for the daughter. Over the years they bought savings bonds in the amount of approximately $2,500. [Opinion] On the above facts, which constitute all the pertinent facts we can find from the record, we have no alternative but to affirm the respondent. There is an almost complete failure of proof. Absent testimony as to specific items, such generalizations are wholly inadequate to satisfy the burden of proof which rests on the petitioners. As to both items, i.e., living expenses and increases in net worth, the testimony is entirely too indefinite and lacking in precision to warrant us in disturbing respondent's computation. Decision will be entered under Rule 50 in Docket No. 54985. For the respondent in Docket No. 54986. *
Footnotes
*. Items to which petitioners do not agree.↩
*. Items to which petitioners do not agree.↩
*. The decision was amended by an official Order of the Tax Court, dated May 18, 1956, and signed by Judge Van Fossan. It formerly read "Decisions will be entered for the respondent."↩